IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

KIMBERLY BEEMER, PAUL CAVANAUGH, and ROBERT MUISE,
         Plaintiffs,

    v.

GRETCHEN WHITMER, in her official capacity as Governor for the State of Michigan, ALLEN TELGENHOF, in his official capacity as Charlevoix County Prosecuting Attorney, BRIAN L. MACKIE, in his official capacity as Washtenaw County Prosecuting Attorney, and WILLIAM J. VAILLIENCOURT, JR., in his official capacity as Livingston County Prosecuting Attorney,
         Defendants.

No. _____

**COMPLAINT**

Plaintiffs Kimberly Beemer, Paul Cavanaugh, and Robert Muise (collectively referred to as "Plaintiffs"), by and through undersigned counsel, bring this Complaint against the above-named Defendants, their employees, agents, and successors in office, and in support thereof allege the following upon information and belief:

## INTRODUCTION

1.     John Adams warned: "But a Constitution of Government once changed from Freedom, can never be restored.  Liberty once lost is lost forever."  Plaintiffs bring this action because they reasonably fear that the draconian encroachments on their freedom set forth in this Complaint will, unfortunately, become the "new norm."  It has been said that all tyranny needs to gain a foothold is for people of good conscience to remain silent.

2.     This case seeks to protect and vindicate fundamental liberties that citizens of the United States enjoy free from government interference.  These liberties are not conferred or granted by government to then be rescinded at the will and whims of government officials.

These God-given liberties are possessed by the people, and they are guaranteed against government interference by the United States Constitution, which is the supreme law of the land, and by the Constitution of the State of Michigan.

3.     This civil rights action is brought under the First, Second, and Fourteenth Amendments to the United States Constitution, the Contracts Clause of the United States Constitution, 42 U.S.C. § 1983, and Article I, § 6 of the Michigan Constitution, challenging Defendant Whitmer's authority to issue Executive Order 2020-42 and its draconian measures as applied to criminalize Plaintiffs' peaceful activity and thus deprive Plaintiffs of their fundamental liberties and freedom.

4.     Plaintiffs seek a declaration that the enactment and enforcement of the challenged measures ordered by Defendant Whitmer in Executive Order 2020-42 as set forth in this Complaint violate their fundamental liberties and rights secured by the United States and Michigan Constitutions and an order enjoining the same.  Plaintiffs also seek an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and other applicable laws.

## JURISDICTION AND VENUE

5.     This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the State law claim pursuant to 28 U.S.C. § 1367(a).

6.     Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, by Rules 57 and 65 of the Federal Rules of Civil Procedure, by *Ex parte Young*, 209 U.S. 123 (1908), and by the general legal and equitable powers of this Court.

7.     Plaintiffs' claim for an award of their reasonable costs of litigation, including attorneys' fees and expenses, is authorized by 42 U.S.C. § 1988 and other applicable law.

8.      Venue is proper under 28 U.S.C. § 1391(b) because the Office of the Governor of Michigan and the Charlevoix Prosecuting Attorney are located in this judicial district and all Defendants are residents of the State in which this district is located.

**PARTIES**

9.      Plaintiffs Kimberly Beemer, Paul Cavanaugh, and Robert Muise are adult citizens of the United States and residents of Michigan.

10.      Plaintiffs Beemer and Cavanaugh own cottages in Charlevoix County, Michigan.

11.      Plaintiff Beemer, a licensed attorney, resides in Saginaw, Michigan.  Plaintiff Cavanaugh resides in Brighton, Michigan.  Plaintiff Muise, a licensed attorney, resides in Superior Township, Michigan, which is in Washtenaw County.

12.      Plaintiff Cavanaugh is the owner of a landscaping business, Cavanaugh's Lawn Care LLC, which is located in Livingston County, Michigan.

13.      Defendant Gretchen Whitmer is the Governor of the State of Michigan.

14.      Under color of State law, Defendant Whitmer issued Executive Order 2020-42.

15.      Defendant Whitmer is sued in her official capacity only.

16.      Defendant Allen Telgenhof is the Charlevoix County Prosecuting Attorney.  As a County Prosecuting Attorney, Defendant Telgenhof is responsible for criminally prosecuting persons who violate Executive Order 2020-42 in his County.

17.      Defendant Telgenhof is sued in his official capacity only.

18.      Defendant Brian L. Mackie is the Washtenaw County Prosecuting Attorney.  As a County Prosecuting Attorney, Defendant Mackie is responsible for criminally prosecuting persons who violate Executive Order 2020-42 in his County.

19.      Defendant Mackie is sued in his official capacity only.

20.     Defendant William J. Vailliencourt, Jr. is the Livingston County Prosecuting Attorney.   As a County Prosecuting Attorney, Defendant Vailliencourt is responsible for criminally prosecuting persons who violate Executive Order 2020-42 in his County.

21.     Defendant Vailliencourt is sued in his official capacity only.

**STATEMENT OF FACTS**

22.     On March 24, 2020, Defendant Whitmer issued Executive Order 2020-21, which was described as a "[t]emporary requirement to suspend activities that are not necessary to sustain or protect life."

23.     On April 9, 2020, Defendant Whitmer issued Executive Order 2020-42, which "reaffirm[ed] the measures set forth in Executive 2020-21, clarif[ied] them, and extend[ed] their duration to April 30, 2020."   The executive order took effect "on April 9, 2020 at 11:59 pm." When Executive Order 2020-42 took effect, it rescinded Executive Order 2020-21.   A true and correct copy of Executive Order 2020-42, which is incorporated herein by reference, is attached to this Complaint as Exhibit 1.

24.     By its own terms, Executive Order 2020-42 will remain in effect until April 30, 2020 at 11:59 pm.   It is more likely than not that Defendant Whitmer will extend the measures challenged here beyond April 30, 2020 via a new executive order.   Defendant Whitmer publicly expressed a desire to extend the measures of Executive Order 2020-42 into June 2020.

25.     A "willful violation" of Executive Order 2020-42 is a misdemeanor.

26.     Executive Order 2020-42 put in place draconian measures that arbitrarily and unreasonably impose restrictions and thus criminal sanctions on Plaintiffs' fundamental rights and liberty.

27.     Executive Order 2020-42, states, in relevant part, the following:

2.  Subject to the exceptions in section 7, all individuals currently living within the State of Michigan are ordered to stay at home or at their place of residence. Subject to the same exceptions, all public and private gatherings of any number of people occurring among persons not part of a single household are prohibited.

3.  All individuals who leave their home or place of residence must adhere to social distancing measures recommended by the Centers for Disease Control and Prevention, including remaining at least six feet from people from outside the individual's household to the extent feasible under the circumstances.

* * *

7.  Exceptions.

    a.  Individuals may leave their home or place of residence, and travel as necessary:

        1.  To engage in outdoor physical activity, consistent with remaining at least six feet from people from outside the individual's household.  Outdoor physical activity includes walking, hiking, running, cycling, kayaking, canoeing, or other similar physical activity, as well as any comparable activity for those with limited mobility.

        * * *

        6.  To obtain necessary services or supplies for themselves, their family or household members, their pets, and their vehicles.

        A.  Individuals must secure such services or supplies via delivery to the maximum extent possible.  As needed, however, individuals may leave the home or place of residence to purchase groceries, take-out food, gasoline, needed medical supplies, and any other products necessary to maintain the safety, sanitation, and basic operation of their residences. Individuals may also leave the home to drop off a vehicle to the extent permitted under section 9(i) of this order.

        * * *

        7.  To care for a family member or a family member's pet in another household.

\* \* \*

b.  Individuals may leave their home or place of residence, and travel as necessary:

1.  To return to a home or place of residence from outside the state.

2.  To leave this state for a home or residence elsewhere.

3.   Between two residences in this state, through April 10, 2020.  After that date, travel between two residences is not permitted.

\* \* \*

c.  All other travel is prohibited, including all travel to vacation rentals.

(Executive Order 2020-42 at Ex. 1).

28.    Plaintiff Beemer and members of her household frequently travel to her cottage, property which she owns, located in Charlevoix County.  She would often leave from her residence in Saginaw, Michigan and travel to the cottage on a Thursday, remaining at her cottage over the weekend and returning late on Sunday or early Monday morning.  Her cottage is a second home, and it is her private retreat from the daily grind of her law practice.

29.    Under the measures set forth in Executive Order 2020-42, if Plaintiff Beemer were to travel to her cottage, she would be subject to prosecution for violating the executive order.  As a result, Plaintiff Beemer has ceased her travel and has thus been denied the use and enjoyment of her private property by the government.  Plaintiff Beemer has no recourse for this deprivation of her property rights other than seeking redress in a court of law, which she is doing here.

30.    There is little to no chance that Plaintiff Beemer will cause the spread of COVID-19 by travelling with members of her household from her residence in Saginaw, Michigan to her

cottage in Charlevoix County.  In fact, she and members of her household are more isolated at the cottage than when they are at their home in Saginaw.

31.     Plaintiff Cavanaugh and members of his household frequently travel to his cottage, property which he owns, located in Charlevoix County.  It was a Cavanaugh family tradition to spend Easter at the cottage.

32.     Under the measures set forth in Executive Order 2020-42, if Plaintiff Cavanaugh were to travel to his cottage, he would be subject to prosecution for violating the executive order.  As a result, Plaintiff Cavanaugh has ceased his travel and has thus been denied the use and enjoyment of his private property by the government.  In fact, as a result of Executive Order 2020-42, Plaintiff Cavanaugh and his family had to cancel their Easter tradition.  Plaintiff Cavanaugh has no recourse for this deprivation of his property rights other than seeking redress in a court of law, which he is doing here.

33.     There is little to no chance that Plaintiff Cavanaugh will cause the spread of COVID-19 by travelling with members of his household from his residence in Brighton, Michigan to his cottage in Charlevoix County.  In fact, he and members of his household are more isolated at the cottage than when they are at their home in Brighton.

34.     There is no reasonable justification for restricting Michigan residents from travelling to cottages that they own or rent during this current pandemic.  Indeed, under Executive Order 2020-42, a Wisconsin resident could travel from his State to his cottage in Charlevoix County, Michigan without violating Executive Order 2020-42.  Thus, the executive order discriminates against individuals, including Plaintiffs Beemer and Cavanaugh, based upon their State of residence, it impairs their right to travel, and it deprives them of the use and enjoyment of their property.

35.     Prohibiting individuals from traveling from one place of residence in the State to another place of residence or cottage within the State has no real or substantial relation to promoting the objectives of Executive Order 2020-42, particularly in light of the exceptions permitted under the order.

36.     Following the issuance of Executive Order 2020-21, and reaffirmed in Executive Order 2020-42, Defendant Whitmer has refused to order abortion centers in Michigan to close even though abortion is an elective procedure, it is never necessary to protect the life of a mother, and it results in the death of an unborn child, which is contrary to the stated goal of Executive Order 2020-42 "to sustain or protect life."   Moreover, it is impossible to practice social distancing in an abortion center due to the nature of the procedure.

37.     Defendant Whitmer also permits marijuana businesses to remain open during this pandemic.  In fact, because Secretary of State offices are closed and "individuals may not be able to renew their driver's licenses or government-issued identification cards while the Executive Order is in effect . . , licensed provisioning centers and adult-use retailers are temporarily allowed to sell or transfer marijuana to a patient, caregiver, or customer who has an expired driver license or government-issued identification card during home delivery and curbside sales." https://www.michigan.gov/documents/lara/Verifying_ID_and_Sales_of__Marijuana_in_Response_to_COVID-19_684786_7.pdf.

38.     For the past ten years, Plaintiff Cavanaugh has worked hard to develop and expand his landscaping business, Cavanaugh's Lawn Care LLC.  As a result of Defendant Whitmer's executive orders, his company came to an abrupt halt.  The early spring brought an early start to the season.  Eleven of Plaintiff Cavanaugh's fulltime employees had returned to work for two weeks before the shutdown.  One additional, fulltime employee was returning from

a trip abroad.  Plaintiff Cavanaugh had high hopes of getting ahead of the workload and having a normal start to the season.  As a result of Defendant Whitmer's shutdown of his business, Plaintiff Cavanaugh missed out on approximately $25,000 for spring cleanups, $12,000 for fertilizing for first round preemergent, $30,000 for mowing for the month of April, and $35,000 for landscape installs.  The lost revenue is impossible to replace.  Eighty percent of Plaintiff Cavanaugh's business is contract work with existing customers.  Consequently, the measures set forth in Defendant Whitmer's executive orders have impaired Plaintiff Cavanaugh's right to contract protected by the U.S. Constitution.

39.     There is little to no chance that Plaintiff Cavanaugh's landscaping business will spread COVID-19.  Plaintiff Cavanaugh's employees practice social distancing measures recommended by the Centers for Disease Control and Prevention, including remaining at least six feet from people from outside the employee's household.  The business is an outdoor business, which can operate without any personal contact with customers.  Indeed, there is far less likelihood of Plaintiff Cavanaugh's business spreading COVID-19 than other businesses that Defendant Whitmer permits under her executive orders, specifically including hardware stores, grocery stores, gas stations, marijuana businesses, and abortion centers.

40.     During his free time, which he now has in abundance due to the fact that Defendant Whitmer's executive orders have shut down his business, Plaintiff Cavanaugh enjoys time with his son fishing in Plaintiff Cavanaugh's boat on Lake Charlevoix.  However, Defendant Whitmer's executive order has now stripped that away from him as well.  Under her executive order, Defendant Whitmer permits kayaking or canoeing, but arbitrarily prohibits the use of boats with motors.

41.     Plaintiff Muise served as an officer on activity duty in the United States Marine Corps for thirteen years.  He was an infantry officer, he is a veteran of Operations Desert Shield and Desert Sword, and he trained with 42 Commando, British Royal Marines.  Plaintiff Muise resigned his commission as a Major in 2000.

42.     Plaintiff Muise has a valid Michigan Concealed Pistol License.   He is professionally trained in the use of firearms, he legally owns firearms, and he is a staunch defender of the Second Amendment, which constitutionally guarantees him the right to bear arms for self-defense, defense of his family, and for the defense of a free State.  He also uses firearms to hunt in Michigan and in other States.

43.     To support his right to bear arms, which necessarily includes the right to purchase firearms and ammunition, Plaintiff Muise patronizes local gun shops, specifically including a gun shop located in Washtenaw County.

44.     Executive Order 2020-42 orders all nonessential businesses and activities to cease.  Though this order exempts "critical infrastructure," Defendant Whitmer purposefully references an outdated list of such industries (issued March 19, 2020) rather than the most current federal guidelines (issued March 28, 2020) that designate firearm and ammunition retailers as critical.  This deliberate action shuts down gun stores in order to deny citizens, including Plaintiff Muise, access to their Second Amendment rights and their rights protected by Article 1, § 6 of the Michigan Constitution.

45.     Executive Order 2020-42 also bans travel to gun stores.  However, the order permits individuals to travel to buy food for a pet, marijuana, or gum at a grocery store, among other items.

46.     Due to the panic caused by the pandemic and the unemployment, loss of income, poverty, and uncertainty caused by Defendant Whitmer's executive orders, owning and possessing firearms is critically important at this time.

47.     Plaintiff Muise and his wife have been blessed with twelve children and ten grandchildren (with two more grandchildren expected by June).  Three of his adult children are married and reside locally in homes they own in Michigan, and two of his adult children reside locally in rental properties in Michigan.  His other seven children reside at his home in Superior Township.

48.     On most Sundays and Holy Days, the family would gather at Plaintiff Muise's home for a meal, fellowship, and prayer.

49.     Plaintiff Muise and his family are devout Catholics.  Because of COVID-19, there are no public Masses in the Lansing Diocese.  However, Jesus Christ taught that where two or more gather in His name, He is present.  Plaintiff Muise would like his family to gather together on Sundays and other Holy Days to associate for a meal, fellowship, and prayer, and thus gather as a family in Christ's name.  During these gatherings, Plaintiff Muise's family members would adhere to social distancing measures recommended by the Centers for Disease Control and Prevention.  However, under the measures set forth in Executive Order 2020-42, it is now a crime in Michigan to engage in such family associations and gatherings.

50.     The challenged measures of Executive Order 2020-42, as set forth in this Complaint, lack any rational basis, are arbitrary, capricious, and vague, have no real or substantial relation to the objectives of the order, and are beyond all question, a plain, palpable invasion of rights secured by fundamental law.  Consequently, it is the duty of this Court to so

adjudge, and thereby give effect to the United States and Michigan Constitutions by declaring these measures unlawful and enjoining their enforcement.

## FIRST CLAIM FOR RELIEF

### (Equal Protection—Fourteenth Amendment)

51.     Plaintiffs hereby incorporate by reference all stated paragraphs.

52.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiffs of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

53.     As set forth in this Complaint, Executive Order 2020-42 deprives Plaintiffs of their fundamental rights and freedom, yet the order provides exceptions for other activity and conduct that is similar in its impact and effects.  The challenged measures lack any rational basis, are arbitrary, capricious, and vague, have no real or substantial relation to the objectives of the order, and are a palpable invasion of rights secured by fundamental law in violation of the Equal Protection Clause.

54.     When the government treats an individual disparately as compared to similarly situated persons and that disparate treatment burdens a fundamental right, targets a suspect class, or has no rational basis, such treatment violates the equal protection guarantee of the Fourteenth Amendment.  As set forth in this Complaint, the challenged measures of Executive Order 2020-42 violate the equal protection guarantee of the Fourteenth Amendment.

55.     As a direct and proximate result of Defendants' violation of the equal protection guarantee of the Fourteenth Amendment as set forth in this Complaint, Plaintiffs have suffered

irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief.

## SECOND CLAIM FOR RELIEF

### (Due Process—Fourteenth Amendment)

56.     Plaintiffs hereby incorporate by reference all stated paragraphs.

57.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiffs of their right to due process in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

58.     The challenged measures of Executive Order 2020-42, as set forth in this Complaint, lack any rational basis, are arbitrary, capricious, and vague, have no real or substantial relation to the objectives of the order, and are a palpable invasion of rights secured by fundamental law in violation of the Due Process Clause of the Fourteenth Amendment.

59.     Defendants' actions, as set forth in this Complaint, deprived Plaintiffs Beemer and Cavanaugh of the use and enjoyment of their property without due process in violation of the Fourteenth Amendment.

60.     The Due Process Clause of the Fourteenth Amendment protects the right to travel locally through public spaces and roadways.

61.     Executive Order 2020-42 fails intermediate and strict scrutiny because it broadly prohibits Plaintiffs Beemer and Cavanaugh from traveling through public spaces and roadways to their cottages, and yet the executive order permits other travel with the same impact and effect of Plaintiffs' forbidden travel, in violation of the Fourteenth Amendment.

62.     As a direct and proximate result of Defendants' violation of the Fourteenth Amendment as set forth in this Complaint, Plaintiffs have suffered irreparable harm, including the loss of their fundamental constitutional rights, entitling them to declaratory and injunctive relief.

### THIRD CLAIM FOR RELIEF

### (Contracts Clause—Article I, § 10)

63.     Plaintiffs hereby incorporate by reference all stated paragraphs.

64.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff Cavanaugh of his right to contract without government infringement guaranteed by Article I, Section 10 of the United States Constitution and 42 U.S.C. § 1983.

65.     The Contracts Clause of Article I, Section 10 states, "No State shall . . . pass any . . . Law impairing the Obligation of Contracts."

66.     It long has been established that the Contracts Clause limits the power of the States to regulate contracts between private parties.

67.     As set forth in this Complaint, the measures of Executive Order 2020-42 have impaired and thus regulated the contracts between Plaintiff Cavanaugh and his clients, in violation of the Contracts Clause of the United States Constitution.  This impairment will continue absent declaratory and injunctive relief.

68.     As a direct and proximate result of Defendants' violation of the Contracts Clause as set forth in this Complaint, Plaintiff Cavanaugh has suffered irreparable harm, including the loss of his fundamental constitutional rights, entitling him to declaratory and injunctive relief.

## FOURTH CLAIM FOR RELIEF

### (Second Amendment & Michigan Constitution Article 1, § 6)

69.     Plaintiffs hereby incorporate by reference all stated paragraphs.

70.     By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff Muise of his rights secured by the Second Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and Article 1, § 6 of the Michigan Constitution.

71.     Both the United States Constitution and the Michigan Constitution grant individuals a right to keep and bear arms for self-defense and to ensure the security of a free State.  The Second Amendment of the United States Constitution provides, "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."  U.S. Const., Am. II.  Article 1, § 6 of the 1963 Michigan Constitution, which is Michigan's equivalent to the Second Amendment, states, "Every person has a right to keep and bear arms for the defense of himself and the state."  The Second Amendment is fully applicable to the states through the Fourteenth Amendment.

72.     The Second Amendment and Article 1, § 6 guarantee the individual the right to possess and carry weapons in case of confrontation.  At the core of this protection is the right of law-abiding, responsible citizens, such as Plaintiff Muise, to use arms in defense of "hearth and home."  In order for this right to have any meaning and effect, individuals must be permitted to purchase firearms and ammunition within the State.

73.     When a law burdens the fundamental right to bear arms, the government bears the burden of establishing that there is a reasonable fit between the asserted substantial or important

governmental objective and the burden placed on the individual. Executive Order 2020-42 fails to satisfy this burden, and this is evident by the numerous exceptions it provides for activity that is not protected by the United States or Michigan Constitutions.

74.    As a direct and proximate result of Defendants' violation of the Second Amendment and Article 1, § 6 as set forth in this Complaint, Plaintiff Muise has suffered irreparable harm, including the loss of his fundamental constitutional rights, entitling him to declaratory and injunctive relief.

## FIFTH CLAIM FOR RELIEF

### (First Amendment—Right of Association)

75.    Plaintiffs hereby incorporate by reference all stated paragraphs.

76.    By reason of the aforementioned acts, policies, practices, procedures, and/or customs, created, adopted, and enforced under color of State law, Defendants have deprived Plaintiff Muise of his right to association in violation of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

77.    The freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of freedom of speech. Indeed, implicit in the right to engage in activities protected by the First Amendment is a corresponding right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.

78.    As a direct and proximate result of Defendants' violation of the First Amendment as set forth in this Complaint, Plaintiff Muise has suffered irreparable harm, including the loss of his fundamental constitutional rights, entitling him to declaratory and injunctive relief.

- 16 -

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court:

A)      to declare that Defendants violated Plaintiffs' fundamental constitutional rights as set forth in this Complaint;

B)      to enjoin Defendants' enforcement of the challenged measures of Executive Order 2020-42 as set forth in this Complaint;

C)      to award Plaintiffs their reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

D)      to grant such other and further relief as this Court should find just and proper.

Respectfully submitted,

AMERICAN FREEDOM LAW CENTER

/s/ *Robert J. Muise*
Robert J. Muise, Esq. (P62849)
PO Box 131098
Ann Arbor, Michigan 48113
Tel: (734) 635-3756; Fax: (801) 760-3901
rmuise@americanfreedomlawcenter.org

/s/ *David Yerushalmi*
David Yerushalmi, Esq. (Ariz. Bar No. 009616;
DC Bar No. 978179; Cal. Bar No. 132011;
NY Bar No. 4632568)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
Tel: (646) 262-0500; Fax: (801) 760-3901
dyerushalmi@americanfreedomlawcenter.org