IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| KIMBERLY BEEMER, PAUL CAVANAUGH, and ROBERT MUISE,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>GRETCHEN WHITMER, in her official capacity as Governor for the State of Michigan, ALLEN TELGENHOF, in his official capacity as Charlevoix County Prosecuting Attorney, BRIAN L. MACKIE, in his official capacity as Washtenaw County Prosecuting Attorney, and WILLIAM J. VAILLIENCOURT, JR., in his official capacity as Livingston County Prosecuting Attorney,<br>　　　　Defendants. | No. 1:20-cv-00323<br><br>Hon. Paul L. Maloney<br><br>**EXPEDITED CONSIDERATION REQUESTED** |

**PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

___

AMERICAN FREEDOM LAW CENTER
Robert J. Muise, Esq. (P62849)
P.O. Box 131098
Ann Arbor, Michigan 48113
(734) 635-3756
rmuise@americanfreedomlawcenter.org

David Yerushalmi, Esq. (Ariz. Bar No. 009616; DC Bar No. 978179; Cal. Bar No. 132011; NY Bar No. 4632568)
1901 Pennsylvania Avenue NW, Suite 201
Washington, D.C. 20006
Tel: (646) 262-0500;
Fax: (801) 760-3901
dyerushalmi@americanfreedomlawcenter.org

*Attorneys for Plaintiffs*
___

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Kimberly Beemer,

Paul Cavanaugh, and Robert Muise (collectively referred to as "Plaintiffs"), by and through

undersigned counsel, hereby move this Court for a Temporary Restraining Order (TRO) and preliminary injunction to <u>immediately</u> enjoin the enforcement of the challenged measures of Executive Order 2020-42.  <u>Expedited consideration is necessary because the harm to Plaintiffs is occurring now, and it is irreparable</u>.  This harm is set forth in greater detail in the accompanying brief and supporting declarations.  Accordingly, Plaintiffs request that the Court <u>immediately issue the requested TRO</u> and then set an expedited schedule for briefing on the preliminary injunction, at which time opposing counsel will get an opportunity to respond in full.  Time is of the essence.[1]

This lawsuit was filed on April 15, 2020.  (*See* Compl. [Doc. No. 1]).  That same day, Plaintiffs sent copies of the Complaint and summonses to Defendants via email.  Due to the restrictions placed on travel and other restrictions imposed by Defendant Whitmer, personal service is very difficult if not impossible to achieve.  Defendant Whitmer's Chief Legal Counsel, Mr. Mark Totten, promptly responded and agreed to accept service for Defendant Whitmer via email.  Plaintiffs promptly filed the executed summons (Doc. No. 5 [Summons returned executed]), and counsel for Defendant Whitmer promptly filed notices of appearance with the Court.  (*See* Docket Entries).

Plaintiffs have similarly tried, on multiple occasions, to reach out to Defendants Telgenhof (TelgenhofA@charlevoixcounty.org), Vailliencourt (BVailliencourt@livgov.com), and Mackie (prosecutormackie@washtenaw.org).  Plaintiffs sent multiple emails and left multiple voices message. Plaintiffs did hear back from Defendant Telgenhof, who told Plaintiffs that he was forwarding their request to his attorney, Mr. Bryan Graham

---

[1] Pursuant to Rule 65(b)(1)(B) of the Federal Rules of Civil Procedure, Plaintiffs' counsel hereby certifies the above-stated efforts made to give notice to Defendants and why the Court should issue the requested TRO immediately and without further notice to any party.

- 2 -

(bgraham@upnorthlaw.com). Plaintiffs promptly reached out to Mr. Graham. On April 20, 2020, Mr. Graham responded by email, stating, in relevant part, "The county is currently in the process of determining whether there is insurance coverage for the claims against Prosecutor Telgenhof. Once this insurance coverage is determined, we are willing to accept service. I do not know whether I will be handling the matter on behalf of the county, or whether the insurance carrier will assign a defense attorney." Plaintiffs also heard back from Defendant Vailliencourt, who responded and said he would be forwarding Plaintiffs' request to his attorney. Plaintiffs have heard nothing further, despite multiple efforts to follow up via email and phone messages. As discussed further below, Plaintiffs finally received a response from Defendant Mackie during the "meet and confer" conference call held at 3 pm on April 20, 2020.

On <u>April 16, 2020</u>, pursuant to the Local Rule "meet and confer" requirement prior to filing any motion with the Court, Attorney Robert Muise (also a plaintiff in this action) sent the following via email to counsel for Defendant Whitmer:

> Plaintiffs intend to file a motion for a TRO/Preliminary Injunction, requesting expedited review. We are still working on serving the other defendants (all County Prosecutors who have the authority to enforce criminal violations of the Governor's executive orders). Pursuant to Local Rule 7.1(d), we must meet and confer to "ascertain whether the motion will be opposed." Given that it is the Governor's order, I suspect that the prosecuting attorneys would likely agree with the position of the Governor on the motion. I might be mistaken, but at least we can get a head start on the process. Accordingly, below is the relief we will be seeking in our motion. Please advise as to whether the Governor will oppose the motion. Thank you.

- An order enjoining the enforcement of Executive Order 2020-42's measures that prohibit individuals from travelling between their own residences and cottages within the State of Michigan, thereby permitting Plaintiff Beemer, along with members of her household, to travel to and from her residence in Saginaw, Michigan and her cottage located in Charlevoix County, Michigan and permitting Plaintiff Cavanaugh, along with members of his household, to travel to and from his residence in Brighton, Michigan and his cottage located in Charlevoix County, Michigan;

- An order enjoining the enforcement of Executive Order 2020-42's measures that prohibit the operation of landscaping businesses within the State of Michigan, thereby permitting Plaintiff Cavanaugh to reopen his landscaping business, Cavanaugh's Lawn Care LLC, so long as he and his employees practice social distancing measures recommended by the Centers for Disease Control and Prevention, including remaining at least six feet from people from outside the employee's household;
- An order permitting individuals, specifically including Plaintiffs Beemer and Cavanaugh, to engage in outdoor activities that include using boats with motors for fishing and other similar recreational purposes, consistent with remaining at least six feet from people from outside the individual's household;
- An order enjoining the enforcement of Executive Order 2020-42 insofar as it conflicts with the March 28, 2020, U.S. Department of Homeland Security's Cybersecurity and Infrastructure Security Agency guidance on "critical infrastructure," which identifies "Workers supporting the operation of firearm or ammunition product manufacturers, retailers, importers, distributors, and shooting ranges" as "critical infrastructure," thereby permitting gun stores and shooting ranges in Michigan to remain open and operational subject to social distancing measures recommended by the Centers for Disease Control and Prevention and permitting individuals, including Plaintiff Muise, to travel to and from such businesses; and
- An order enjoining the enforcement of Executive Order 2020-42's measures that prohibit private, family gatherings at private residences, thereby permitting Plaintiff Muise to hold private gatherings for meals, fellowship, and prayer with his immediate family at his private residence located in Superior Township, Michigan.

That same day (April 16), counsel for Defendant Whitmer responded, in relevant part, as follows:

> Thank you for the email. We are going to need some time to review, consider, and confer regarding the relief you are requesting. I'll get back to you to set up a call when we are able.

The following day (April 17), Attorney Muise sent the following email to Defendant Whitmer's counsel:

> Do you have an answer? Can we set up a call for later today (4 pm or later) or Monday late morning/afternoon?
>
> By the way, we are still working on serving the Prosecuting Attorneys. Our paralegal has had email exchanges with two, but no answer yet on attorneys who will be handling the matter for them. As I mentioned in my prior email, it is likely the Governor who will be calling the shots on this since it is her order, so I

would like to proceed with a call regardless of whether the other attorneys are available.

Let me know where we are on this. Thank you.

Counsel for Defendant Whitmer responded that day (April 17) and stated that they were available for the "meet and confer" phone conference on Monday (April 20) at 1 pm. (The call was later moved to 3 pm at the request of Defendant Whitmer's counsel). The parties scheduled the conference.

On April 18, 2020, Plaintiffs sent an email to the Defendant Prosecuting Attorneys and/or their counsel (Mr. Graham), informing them of the conference call set for April 20, the details of the "meet and confer" (Plaintiffs sent them the same details that were sent to Defendant Whitmer's counsel regarding the relief requested), and invited them to join the call.

On April 20, 2020, the "meet and confer" phone conference was held. Participating in the conference were Plaintiffs' counsel (Robert Muise and David Yerushalmi), counsel for Defendant Whitmer (Attorneys John G. Fedynsky and Joseph T. Froehlich), Attorney Bryan Graham on behalf of Defendant Telgenhof, and Attorney Michelle Billard, Corporation Counsel at Washtenaw County, on behalf of Defendant Mackie.[2] <u>No Defendant concurred in the relief sought by this motion</u>.

In the final analysis, Executive Order 2020-42 remains in effect until at least April 30, 2020. Plaintiffs have suffered, and will continue to suffer, "immediate and irreparable injury . . . before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *see also Bonnell v. Lorenzo,* 241 F.3d 800, 809 (6th Cir. 2001) ("[W]hen reviewing a motion for preliminary injunction, if it is found that a constitutional right is being threatened or impaired, a

---

[2] Attorneys Graham and Billard stated that they still did not have authority to accept service of the Complaint and summonses on behalf of Defendants Telgenhof and Mackie, respectively, since it has yet to be determined who will be representing these Defendants in this matter.

finding of irreparable injury is mandated."). Accordingly, it is necessary and appropriate for the Court to issue the requested TRO, to be followed by an expedited briefing schedule on Plaintiffs' request for a preliminary injunction.

WHEREFORE, Plaintiffs respectfully request that the Court immediately issue the requested TRO, temporarily enjoining enforcement of the challenged measures of Executive Order 2020-42 pending a hearing on whether a preliminary injunction should issue.

    Respectfully submitted,

    AMERICAN FREEDOM LAW CENTER

    /s/ *Robert J. Muise*
    Robert J. Muise

    /s/ *David Yerushalmi*
    David Yerushalmi

    *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the court's electronic filing system. Parties may access this filing through the court's system.

I further certify that a copy of the foregoing will be sent this day via email to the following parties or counsel who have yet to enter an appearance electronically:

Defendant Telgenhof via email to Attorney Bryan Graham at bgraham@upnorthlaw.com.

Defendant Vailliencourt via email to BVailliencourt@livgov.com

Defendant Mackie via email to Attorney Michelle Billard at billardm@washtenaw.org

                AMERICAN FREEDOM LAW CENTER

                /s/ *Robert J. Muise*
                Robert J. Muise, Esq.