UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY BEEMER and ROBERT MUISE, <br> Plaintiffs, <br><br> -v- <br><br> GRETCHEN WHITMER, *et al.*, <br> Defendants. | No. 1:20-cv-323 <br><br> Honorable Paul L. Maloney |

## ORDER GRANTING DEFENDANT MACKIE'S MOTION TO DISMISS

Early in the COVID-19 pandemic, Governor Gretchen Whitmer issued executive orders designed to slow the spread of the novel coronavirus. This lawsuit is one of many that were filed opposing her orders. Robert Muise, one of the three plaintiffs, resides in Superior Township, which is located in Washtenaw County. Defendant Brian Mackie is the Washtenaw County Prosecuting Attorney. Plaintiffs named Mackie as a defendant because he is responsible for criminally prosecuting persons who violate the executive order in Washtenaw County. Mackie filed a motion to dismiss raising, among other arguments, standing. The Court agrees with Mackie that Plaintiffs have not alleged sufficient facts to establish standing against Mackie and will grant the motion to dismiss.

I.

The standing doctrine arises from the case or controversy language found in Article III of our Constitution. "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish standing, plaintiffs must show (1) that they suffered an

injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely that the injury will be redressed by a favorable decision. *Id.*; *Mosley v. Kohl's Dep't Stores, Inc.*, 942 F.3d 752, 756 (6th Cir. 2019). The plaintiffs bear the burden of establishing standing. *Spokeo*, 136 S. Ct. at 1547. "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975)). At least one plaintiff must establish standing against each defendant meaning that each defendant caused some injury alleged by a plaintiff and that an order of the court against that defendant would redress the injury. *Calzone v. Hawley*, 866 F.3d 866, 869 (8th Cir. 2017).

To have standing for a pre-enforcement challenge, rather than an injury-in-fact, a plaintiff must allege facts to show that a future injury is impending or that a substantial risk exists that the injury will occur. *McKay v. Federspiel*, 823 F.3d 862, 867 (6th Cir. 2016) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014)); *see Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298-99 (1979). The plaintiff must show he or she intends "to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by statute, and there exists a credible threat of prosecution thereunder." *McKay*, 823 F.3d at 867 (quoting *Susan B. Anthony List*, 573 U.S. at 159). Mere allegations of subjective chill, without allegations of enforcement or a credible threat of prosecution, "are insufficient to establish an injury-in-fact for pre-enforcement standing purposes." *Id.* at 868-69; *see Babbitt*, 442 U.S. at 298-99 ("When plaintiffs 'do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is

remotely possible,' they do not allege a dispute susceptible to resolution by a federal court.") (citation omitted).

## II.

On April 9, 2020, Defendant Whitmer issued Executive Order 2020-42. The EO closed nonessential businesses. The EO required individuals living in Michigan to stay at home, subject to some exceptions. The EO also prohibited gathering among persons not part of a single household.

### A.

Plaintiff Kimberly Beemer has not alleged facts to establish an injury caused by Defendant Mackie. Beemer resides in Saginaw County, Michigan and has a cottage in Charlevoix County, Michigan. Beemer alleges that she travels from her residence to her cottage, something prohibited by the EO. Both Saginaw County and Charlevoix County are in the upper third of Michigan's lower peninsula. Washtenaw County is in the lower third of Michigan's lower peninsula. Beemer would not need to travel through Washtenaw County on her trip from her residence to her cottage. Beemer does not allege any intention to travel through Washtenaw County. On these facts, Beemer has not alleged that she has or intends to be in Washtenaw County. On these facts, Beemer is not currently subject to any enforcement action by Defendant Mackie and will not be subject to any enforcement action by him in the future. Beemer does not have standing for any claim against Mackie.

### B.

Plaintiff Muise resides in Washtenaw County. Muise alleges injury from several restrictions in the EO. First, the EO ordered nonessential businesses and activities to close,

which included gun shops. The EO also prohibited travel to and from gun shops. Muise contends the EO violates his Second Amendment rights. Second, the EO prohibits gatherings of persons not of the same household. Muise alleges that his adult children and their children, who do not live in his house but do live in the area, frequently gather on Sundays at his house for a meal, fellowship and prayer. Muise asserts that the restrictions violate his First Amendment rights of association and the free exercise of his religion.

Plaintiff Muise has not alleged sufficient facts to establish a past or future injury caused by Defendant Mackie. In this circuit, subjective chill alone will not establish the injury-in-fact requirement for pre-enforcement challenges. *McKay*, 823 F.3d at 868-69. A plaintiff who has self-censored must also point to "some combination of the following factors: (1) a history of past enforcement against the plaintiffs or others, (2) enforcement warning letters sent to the plaintiffs regarding their specific conduct, and/or (3) an attribute of the challenged statute that makes enforcement easier or more likely, such as a provision allowing any member of the public to initiate an enforcement action[.]" *Id.* at 869 (internal citations and citation omitted). The Sixth Circuit has "declined to find a credible threat of prosecution—and, thus, declined to find pre-enforcement standing—where plaintiffs have failed to show such a combination and where 'the record is silent as to whether the [defendants] threatened to punish or would have punished' a plaintiff for proposed conduct that might violate the challenged policy or statute." *Id.* (edits in *McKay*, quoting *Morrison v. Bd. of Educ. of Boyd Cty.*, 521 F.3d 602, 610 (6th Cir. 2008)). On the record before the Court, Plaintiff Muise has not alleged any such threat of enforcement against him or against any others.

III.

The Court concludes that the allegations in the complaint do not allege sufficient facts to establish a future injury of either plaintiff caused by Defendant Mackie. Plaintiff Muise's subjective chill, without more, does not establish standing for a pre-enforcement challenge. Under Sixth Circuit authority, a plaintiff must allege a chill and a credible threat of enforcement. The allegation in the complaint might establish the former but are silent as to the latter.

For these reasons, the Court **GRANTS** Defendant Mackie's motion to dismiss. (ECF No. 34.) **IT IS SO ORDERED.**

Date:   September 30, 2021                                     /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge