UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY BEEMER and ROBERT MUISE,<br>     Plaintiffs,<br><br>-v-<br><br>GRETCHEN WHITMER, *et al.*<br>     Defendants. | No. 1:20-cv-323<br><br>Honorable Paul L. Maloney |

### ORDER DISMISSING MOTION AND DISMISSING LAWSUIT

In early 2020, Governor Gretchen Whitmer began issuing a series of Executive Orders designed to slow the spread of COVID-19. This lawsuit arose from Executive Order 2020-42, one of the early executive orders and one of the more restrictive executive orders. Relying on the nondelegation doctrine in the Michigan Constitution, the Michigan Supreme Court has since found unconstitutional the statute on which Governor Whitmer relied to issue this Executive Order. The Court concludes that it cannot provide Plaintiffs any relief and, therefore, will dismiss this lawsuit as moot.

I.

Whitmer issued EO 2020-42 on April 9, 2020, and the EO stated that it would continue through April 30. In the EO, Whitmer declared a state of emergency and cited the Emergency Management Act and the Emergency Powers of the Governor Act as authority. With an exception for critical infrastructure workers, the EO generally prohibited in-person work that was not necessary to sustain or protect life. The EO required people living in Michigan to stay at home, with enumerated exceptions for certain jobs and activities.

Plaintiffs filed this lawsuit on April 15, 2020. Plaintiffs alleged multiple violations of their constitutional rights. In the initial complaint, Plaintiffs asserted causes of action for violations of (1) Equal Protection, (2) Due Process, (3) the Contract Clause, (4) the Second Amendment, and (5) the Right of Association. Plaintiffs sought a temporary restraining order and the Court set a hearing for April 30. The Magistrate Judge held a status conference April 24. That same day, Defendant Whitmer issued Executive Order 2020-59, which rescinded EO 2020-42.

On April 26, the parties submitted a stipulation resolving Plaintiffs' request for a temporary restraining order and for a preliminary injunction, which the Court entered on April 27 (ECF No. 24). The stipulation contains a series of statements explaining how EO 2020-59 affects the specific claims and injuries alleged by Plaintiffs in the complaint.

Plaintiffs filed an amended complaint on April 28, 2020. (ECF No. 25.) Plaintiffs sued Defendants in their official capacities. Plaintiffs continued to assert claims based on the restrictions in EO 2020-42; they dropped their Contracts Clause claim and added a claim for violation of the Free Exercise Clause. Plaintiffs alleged that the stipulation remedied the immediate harm but did not resolve the underlying constitutional issues because the voluntary cessation of illegal conduct did not prevent Defendants from reinstituting the same or similar restrictions in the future. (Am. Compl. ¶¶ 56 and 57 PageID.407-08.) Plaintiffs requested both injunctive and declaratory relief.

In May 2020, Defendants Whitmer and Dana Nessel filed a motion to dismiss. (ECF No. 35.) Defendants argue, among other things, that Plaintiffs claims are moot. Before the parties completed briefing on this motion, developments in another lawsuit came to bear.

Governor Whitmer faced a number of lawsuits as a result of her Executive Orders. About the same time that Defendants filed their motion to dismiss, a group of medical providers filed a lawsuit against Whitmer and sought a preliminary injunction. *Midwest Inst. of Health v. Whitmer*, No. 1:20cv414 (W.D. Mich.). As part of their complaint, the *Midwest Institute* Plaintiffs challenged the statutory authority on which Whitmer based her executive orders. On June 16, 2020, this Court certified a question to the Michigan Supreme Court asking for a clarification whether, after April 30, Governor Whitmer had authority to renew or issue executive orders related to the COVID-19 pandemic. (ECF No. 44.)

On October 2, 2020, the Michigan Supreme Court issued its opinion. *In re Certified Questions from United States District Court*, 958 N.W.2d 1 (Mich. 2020). The court first held that the Emergency Management Act (EMA) did not permit Whitmer to extend a declaration of a state of emergency or state of disaster beyond April 30, 2020. *Id.* at 9-11. The court then found that Emergency Powers of the Governor Act (EPGA) violated the nondelegation doctrine of Michigan's Constitution. *Id.* at 16-25. The court held that the EPGA was unconstitutional. *Id.* at 25.

## II.

Federal courts are courts of limited jurisdiction and may only exercise those powers authorized by the United States Constitution and by federal statutes enacted by Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Under Article III of our Constitution, federal courts may exercise authority over cases or controversies. U.S. Const. art. III, § 2. "To invoke federal-court jurisdiction, a plaintiff must demonstrate that he possesses a legally cognizable interest, or 'personal stake' in the

outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (citation omitted).

> A corollary to this case-or-controversy requirement is that an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during the litigation, the lawsuit can no longer proceed and must be dismissed as moot.

*Id.* at 71-72 (internal citations and citation omitted); *see Thompson v. DeWine*, 7 F4th 521, 523 (6th Cir. 2021). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted) (quoting *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)). Federal courts can raise subject-matter jurisdiction concerns sua sponte, including mootness concerns. *See Thomas v. City of Memphis*, 996 F.3d 318, 329 (6th Cir. 2021).

The Court concludes Plaintiffs' claims and their requested remedies are moot. Whitmer rescinded EO 2020-42. The parties stipulated that EO 2020-59 did not prohibit Plaintiffs from doing what they alleged, in the initial complaint, they were prohibited from doing by EO 2020-42. And, the Michigan Supreme Court's ruling eliminated all reasonable possibilities that Whitmer could extend the state of emergency and reinstitute the restrictions about which Plaintiffs complain. The Court cannot enjoin Defendants from issuing and enforcing restrictions that they no longer have the authority enact. And, following these events, there no longer exists a "substantial controversy, between parties having adverse legal

interests, *of sufficient immediacy and reality* to warrant the issuance of a declaratory judgment."[1] *Thompson*, 7 F.4th at 524 (italics in original).

### III.

Under the circumstances, the Court cannot grant Plaintiffs any effectual relief. The rescission of EO 2020-42 and the parties' stipulation removed any threat of prosecution from the restrictions complained about in the complaint. There is no current act for the Court to enjoin. The Michigan Supreme Court's subsequent ruling eliminated any reasonable possibility that Defendants would reinstitute the restrictions. There ruling eliminates the need for the Court to enjoin future acts. And, without a continuing controversy, the Court has no basis for issuing any declaration.

Accordingly, the Court **DISMISSES AS MOOT** Defendants' motion to dismiss. (ECF No. 35.) The Court also **DISMISSES AS MOOT** the claims in the amended complaint. **IT IS SO ORDERED.**

Date:   February 24, 2022                           /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               United States District Judge

---

[1] To the extent Plaintiffs request a declaration that EO 2020-42 violated their constitutional rights, the Supreme Court foreclosed that possibility in *Green v. Mansour*, 474 U.S. 64, 72-73 (1985).